United States District Court
Southern District of Texas
**ENTERED**
July 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN MIGUEL BELLO-TORRES, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-cv-087 |
| | § | (Criminal No. 1:15-cr-917-1) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |
| | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation (hereafter "R&R") in the above-referenced cause of action. On July 5, 2016, Bello-Torres filed a response to the Magistrate Judge's R&R, again stating that he is entitled to relief pursuant to the "new rule" announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), but presenting no new argument as to how *Johnson* applies to his case.

Ultimately, the Magistrate Judge correctly notes in his R&R that *Johnson* does not apply to Bello-Torres' case because Bello-Torres was not sentenced pursuant to the Armed Career Criminal Act's now-unconstitutional "residual clause," 18 U.S.C. § 924(e), nor was he sentenced pursuant to 18 U.S.C. § 16(b) and U.S.S.G. §4B1.1, which similarly are unconstitutional based on the rationale in *Johnson*. Instead, Bello-Torres was sentenced pursuant to U.S.S.G. §§ 2L1.1(a), 2L1.2(b)(1)(D), 4A1.1(b)–(c), and 4A1.2(c)(1), (e)(3) and (k)(1), none of which contain or incorporate any clauses resembling the ones found unconstitutional in *Johnson*.

As such, it is therefore **ORDERED, ADJUDGED,** and **DECREED** that Bello-Torres' § 2255 Motion (Docket No. 1) is **DISMISSED** with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A certificate of appealability shall not issue.

Signed on this \_\_14th\_\_ day of \_\_July\_\_, 2016.

_____
Rolando Olvera
United States District Judge